UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TODD DAVENDER,                      :
                                    :
        Petitioner,                 :   Civ. No. 17-4583 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN MARK KIRBY,                  :
                                    :
        Respondent.                 :
_____ :

APPEARANCES:
Todd Davender
13960-014
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Todd Davender, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed.

**I.  BACKGROUND**

The United States District Court for the District of Connecticut provided the following summary of Petitioner's underlying criminal matter:

> After his arrest on August 27, 2000, the petitioner was arraigned in this court on September 20, 2000 on various narcotics charges stemming from incidents that occurred from June 1999 to August 2000. On November 6, 2001, a jury found the petitioner guilty of one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and two counts of conspiracy to possess with intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On January 25, 2002, United States District Judge Janet C. Hall sentenced the petitioner to a total effective sentence of 360 months of imprisonment.
>
> The petitioner appealed his conviction. On November 12, 2003, the Court of Appeals for the Second Circuit affirmed the judgment of conviction.
>
> On October 1, 2004, the petitioner filed a motion to vacate or set aside sentence claiming ineffective assistance of trial and appellate counsel, prosecutorial misconduct and trial court error as to the calculation of his sentence. On May 2, 2008, the court denied the motion. On November 30, 2009, the United States Court of Appeals for the Second Circuit dismissed the petitioner's appeal from the denial of the section 2255 motion.
>
> On November 29, 2011, the petitioner filed a motion for modification of his sentence

> pursuant to 18 U.S.C. § 3582(c)(2). He argued that the court should reduce his sentence because Amendment 750 to the United States Sentencing Guidelines, effective on November 1, 2011, reduced the base offense levels applicable to crack cocaine offenses and applied retroactively. On December 21, 2011, the court granted his motion and reduced his total effective sentence to 324 months of imprisonment.

Davender v. U.S., No. 11-568, 2012 WL 6649588, at *1 (D. Conn. Dec. 19, 2012) (internal docket citations omitted). Petitioner filed a second motion to modify his sentence, based on Amendment 782, which was granted and his sentenced reduced to 262 months. U.S. v. Davender, 00-44 (D. Conn. 2015).

On June 23, 2016, Petitioner filed a request for permission to file a second or successive § 2255 petition pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) with the Second Circuit. Davender v. U.S., Civil Action No. 16-2109 (2d Cir. 2016). The court denied his request. (Id.) Petitioner thereafter filed another request to file a second or successive petition, raising various claims including a claim based on Mathis v. United States, 136 S.Ct. 2243 (2016). Davender v. U.S., Civil Action No. 17-599. The court again denied permission. Id.

While his request was pending before the Second Circuit, Petitioner filed the instant habeas Petition. (ECF No. 1.) He argues that: (1) his counsel was ineffective for failing to

3

argue that his § 851 enhancement no longer applied because of Alleyne v. United States, 133 S.Ct. 2151 (2013); (2) a prior conviction used to enhance his sentence no longer qualifies in light of Mathis and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016); and (3) the trial court judge abused her discretion by failing to conduct a "multi factor analysis" when Petitioner objected to the usage of a prior conviction in sentencing. (Pet. 2-14.)

## II. DISCUSSION

### A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz,

4

708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that

5

an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the

6

preponderance of evidence standard).  The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception.  Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.  Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted.  See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241") (citation omitted); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241") (citation omitted); Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement under Mathis); Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102-03 (3d Cir. 2017) (holding that

prisoners sentenced prior to Alleyne may not challenge their sentences under § 2241 because Alleyne did not render the crimes for which they were convicted non-criminal); Lewis v. Warden Allenwood FCI, No. 17-2555, 2017 WL 6422350, at *2 (3d Cir. Dec. 18, 2017) (claims regarding sentencing and ineffective assistance of counsel are the "prototypical claims that should be raised in a § 2255 motion").

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court will not transfer the Petition to the Second Circuit for its consideration as a request to file a second or successive § 2255 motion because, as discussed above, the court has already denied that request from Petitioner. Davender v. U.S., Civil Action No. 17-599 (2d Cir. 2017).

**III. CONCLUSION**

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order follows.

Dated: January 5, 2018           s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.