```
                    UNITED STATE DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
TODD DAVENDER,                      :
                                    :
          Petitioner                :   Civ. No. 17-4583 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN MARK KIRBY,                  :
                                    :
          Respondent.               :
_____:
```

APPEARANCE:
Todd Davender, No. 13960-014
Federal Correctional Institution – Berlin
P.O. Box 9000
Berlin, NH 03570
    Petitioner Pro Se


HILLMAN, District Judge

    This matter comes before the Court upon Petitioner's Motion for Reconsideration of this Court's Opinion and Order dismissing his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See ECF No. 9. For the reasons explained below, the Court will deny reconsideration.

BACKGROUND

    Petitioner is presently incarcerated at the Federal Correctional Institution at Berlin,[1] based on his prior

---

[1] Although Plaintiff is now incarcerated at the Federal Correctional Institution at Berlin, he filed his Petition for Writ of Habeas Corpus while incarcerated at Federal Correctional Institution at Fairton, which is located within this judicial

conviction in the United States District Court for the District of Connecticut of one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine, one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, and two counts of conspiracy to possess with intent to distribute five hundred grams or more of cocaine. See ECF No. 5. The District of Connecticut summarized the facts of the underlying criminal matter:

> After his arrest on August 27, 2000, the petitioner was arraigned in this court on September 20, 2000 on various narcotics charges stemming from incidents that occurred from June 1999 to August 2000. On November 6, 2001, a jury found the petitioner guilty of one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and two counts of conspiracy to possess with intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On January 25, 2002, United States District Judge Janet C. Hall sentenced the petitioner to a total effective sentence of 360 months of imprisonment.

---

district. Jurisdiction is determined at the time the petition is filed and the district court retains jurisdiction over the petition even if Petitioner is moved out of the district. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004); Lee v. Zickefoose, No. 12–130, 2012 WL 5403134, at *2 (D.N.J. Nov. 5, 2012) ("Jurisdiction is determined as of the time the petition is filed.") In this case, Petitioner was incarcerated in this District when he filed his habeas petition, so the Court retains jurisdiction even though Petitioner is now incarcerated in New Hampshire.

> The petitioner appealed his conviction. On November
> 12, 2003, the Court of Appeals for the Second Circuit
> affirmed the judgment of conviction.
>
> On October 1, 2004, the petitioner filed a motion to
> vacate or set aside sentence [pursuant to 28 U.S.C. §
> 2255] claiming ineffective assistance of trial and
> appellate counsel, prosecutorial misconduct and trial
> court error as to the calculation of his sentence. On
> May 2, 2008, the court denied the motion. On November
> 30, 2009, the United States Court of Appeals for the
> Second Circuit dismissed the petitioner's appeal from
> the denial of the section 2255 motion.
>
> On November 29, 2011, the petitioner filed a motion
> for modification of his sentence pursuant to 18 U.S.C.
> § 3582(c)(2). He argued that the court should reduce
> his sentence because Amendment 750 to the United
> States Sentencing Guidelines, effective on November 1,
> 2011, reduced the base offense levels applicable to
> crack cocaine offenses and applied retroactively. On
> December 21, 2011, the court granted his motion and
> reduced his total effective sentence to 324 months of
> imprisonment.

Davender v. United States, No. 11-cv-568, 2012 WL 6649588, at *1 (D. Conn. Dec. 19, 2012). Subsequently, Petitioner filed another motion to modify pursuant to 18 U.S.C. § 3582(c)(2), this time based on the 782 Amendment to the United States Sentencing Guidelines. See ECF No. 1. This motion was granted, and his sentence was further reduced to 262 months. United States v. Davender, No. 00-cr-44 (D. Conn. 2015).

On June 23, 2016, Petitioner filed a request for permission to file a second or successive § 2255 petition pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), with the Court of Appeals for the Second Circuit. Davender v. United States,

No. 16-2109 (2d Cir. 2016). The Second Circuit denied his request. Id. Petitioner filed another request to file a second or successive petition, raising various claims, including one based on Mathis v. United States, 136 S. Ct. 2243 (2016). Davender v. United States, No. 17-599. The Second Circuit again denied the request. Id.

While the request to file a second or successive § 2255 petition was pending before the Second Circuit, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. In it, he argued that: (1) his counsel was ineffective for failing to argue that his § 851 enhancement no longer applied in light of Alleyne v. United States, 133 S. Ct. 2151 (2013); (2) the prior conviction used to enhance his sentence under § 851 no longer qualified on account of Mathis and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) (holding that defendant's prior state-level conviction for the delivery of heroin did not qualify as a controlled substance offense under the federal career offender enhancement); (3) the trial court abused its discretion by failing to conduct the "multi factor analysis" in lieu of Petitioner's objection to the use of a prior failure to appear conviction in sentencing; and (4) Petitioner's prior conviction for violation of N.Y. Penal Law § 220.16 was foreclosed for the purpose of enhancement in light of Mathis. See ECF No. 1.

This Court dismissed the Petition by Opinion and Order entered January 5, 2018, because the Court lacked jurisdiction over the Petition. See ECF Nos. 5 (Opinion), 6 (Order). In so concluding, the Court relied on the decision of In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (stating that a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue for federal prisoners seeking to challenge the legality of their confinement), and case law from other Court of Appeals for the Third Circuit decisions construing the Dorsainvil exception narrowly.

In Dorsainvil, the Third Circuit interpreted the statutory language such that a § 2255 motion must be used to raise a challenge to the validity of a sentence, unless that section is "inadequate or ineffective," permitting resort to § 2241. See Dorsainvil, 119 F.3d at 251. A § 2255 motion is "inadequate or ineffective" where a prisoner who previously filed at § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. The Third Circuit emphasized, however, that it would not consider § 2255 "inadequate or ineffective" merely because a petitioner was unable to meet its gatekeeping requirements. Id. Resort to § 2241 is only permitted if refusal to do so would be a complete miscarriage of justice. Id. at 251-52.

This Court held that Petitioner did not allege that he had no earlier opportunity to challenge his conviction for a crime that a change in law may negate. See ECF No. 5. His claims related to the purported impropriety of his sentence, as opposed to the crimes for which he was convicted. Id. Petitioner merely challenges his status, as opposed to the validity of the sentence. Id. Consequently, the Court held that he did not fall within the exception created in Dorsainvil.

Petitioner filed a Motion for Reconsideration of the dismissal of his Petition. See ECF No. 9. Petitioner asks the Court to reconsider the narrow exception created in Dorsainvil. Id. Petitioner argues that Mathis changes the substantive interpretation of the law, and under the new interpretation the sentencing enhancement was inapplicable and unconstitutional. Id. Petitioner also argues that the Court failed to consider the alleged error in his pre-sentence report. Id.

STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port

Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

DISCUSSION

Petitioner argues that the decision in Mathis changes the substantive interpretation of law, and under the new interpretation the enhancement under § 851 is inapplicable and unconstitutional. See ECF No. 9. Petitioner relies on decisions from the Court of Appeals for the Seventh Circuit, which hold that it is appropriate to grant habeas corpus where a prisoner was erroneously and illegally sentenced as a career offender. Id. Petitioner also alleges error in his pre-sentencing report that requires correction, and that the error affects the duration of his confinement. Id. Petitioner argues that the Court failed to rule on the merits of this claim. Id. Petitioner's Motion makes available no new evidence. The Motion must be denied for the reasons that follow.

First, Petitioner fails to demonstrate any change in the controlling law that affects his sentence. As one court in this District has held, this Court lacks jurisdiction under § 2241 when a petitioner challenges their sentencing enhancements under Mathis. See Wyatt v. Warden FCI Fort Dix, No. 17-cv-1335, 2017 WL 1367239 at *2 (D.N.J. Apr. 10, 2017). Furthermore, the changes brought about by Alleyne do not impact Petitioner's sentence. The Third Circuit held that prisoners sentenced prior

to Alleyne may not challenge their sentences under § 2241 because Alleyne did not render the crimes for which they were convicted non-criminal. See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102-03 (3d Cir. 2017). Neither Mathis nor Alleyne change the law in such a way that the Petitioner's sentence is a miscarriage of justice, or such that they make the Petitioner's conduct non-criminal. See Dorsainvil, 119 F.3d at 251-52. Petitioner makes no claim that the Supreme Court's intervening interpretation made his conduct non-criminal.

In addition, Petitioner fails to demonstrate any clear error of law or fact. Petitioner's claims do not contest his guilt of the accused crime, merely his status as a career offender. Consequently, Petitioner's claim cannot proceed. See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that his is now innocent of the predicative offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241"); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) (stating that challenging one's status as a career offended does not fall within the exception created in Dorsainvil, and consequently one may not advance a claim under § 2241).

The Motion for Reconsideration fails to satisfy any of the three circumstances under which reconsideration may be granted. The Alleyne and Mathis decisions do not bring about changes in law that impact Petitioner's sentence.  Petitioner raises no evidence that was previously unavailable when the District of Connecticut issue his sentence.  Lastly, the Motion fails to identify any error in fact or law on the part of the Court in its prior opinion.

CONCLUSION

For the reasons set forth above, the Motion for Reconsideration will be denied.  An appropriate Order follows.


Dated: July 5, 2018                  s/ Noel L. Hillman
Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.